IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUAN CARLOS CACERES-MEJIA                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:16-cv-3-KS-MTP

J. WATSON                                                    DEFENDANT

REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this

matter and failure to comply with the Court's orders.  For the reasons set forth below, the

undersigned recommends that this matter be dismissed without prejudice.

Plaintiff filed this civil rights action on January 14, 2016.  On January 29, 2016,

summons was issued for Defendant J. Watson.  On January 15, 2016, the Clerk of Court sent a

Memorandum [2] to Plaintiff advising him that he was responsible for service of process

pursuant to Federal Rule of Civil Procedure 4.[1]  The Clerk enclosed summons forms and

provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4,

and provided Plaintiff with a copy of Rule 4.  Plaintiff was warned that his failure to serve

process in accordance with Rule 4 could result in the dismissal of this case.

Plaintiff had a duty to properly serve Defendant with process within 90 days after the

complaint was filed. *See* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for

---

[1]  Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the
Court and the U.S. Marshals Service have no obligation to assist Plaintiff with the service of
process. *See* Fed. R. Civ. P. 4(c); L.U. Civ. R. 4(b) ("The United States Marshal does not serve
process in civil actions except on behalf of the federal government, in actions proceeding *in
forma pauperis*, on writs of seizure and executions of judgment, and when otherwise ordered by
a federal court.")

having the summons and complaint served within the time allowed by Rule 4(m) and must

furnish the necessary copies to the person who makes service").  Plaintiff failed to serve

Defendant within the 90 days provided by Rule 4.

On April 22, 2016, the Court entered an Order to Show Cause [4], directing Plaintiff to

file a written statement on or before May 20, 2016, setting forth why this case should not be

dismissed for his failure to timely serve process and file a proof of service in accordance with

Rule 4.  Thereafter, Plaintiff filed a Motion [5] seeking an extension of time, which the Court

considered as a request for an extension for time to respond to the Order to Show Cause [4].  On

May 24, 2016, the Court granted Plaintiff until June 13, 2016, to show cause or, alternatively, to

serve the Defendant in accordance with Rule 4. *See* Order [7].

The Court warned Plaintiff that his failure to respond to the order or to properly serve the

Defendant by June 13, 2014, could result in the dismissal of this action.  To date, Plaintiff has

failed to respond to the Court's order or properly serve the Defendant.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary

authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with

any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v.

Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear

their calendars of cases that have remained dormant because of the inaction or dilatoriness of the

parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*,

370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th

Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  Plaintiff has failed to

abide by the orders of this Court, as he has not perfected service or otherwise responded to the

Court's Order [7].

Additionally, Rule 4 provides: "If a defendant is not served within 90 days after the

complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss

the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).[2]  Because Plaintiff

has failed to serve process in compliance with Rule 4 despite multiple notices by the Court that

such failure may result in a dismissal and has failed to demonstrate good cause to justify further

delay, dismissal is appropriate under Rule 4(m). *See Hearron v. Nichols*, 2006 WL 1791172, at

*1 (S.D. Miss. June 5, 2006).

## RECOMMENDATION

As Plaintiff has failed to comply with the Court's orders or timely serve process on

Defendant, the undersigned recommends that this matter be DISMISSED WITHOUT

PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

---

[2] The Rule also permits the Court to extend the time period on a showing of good cause
for failure to serve process in a timely manner.  Plaintiff has made no such showing.

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of June, 2016.

s/ Michael T. Parker
United States Magistrate Judge